IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00571-PAB-KMT

STEPHAN DARRIS,

       Plaintiff,

v.

JAMES BERTOLAS, Parole Officer, and
ISMAEL SANDOVOL, Parole Officer

       Defendants.

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

The parties agree that this Protective Order will expedite disclosure of information and production of documents protected by privilege or statute, preserve the confidentiality of such information, protect privacy interests of parties and nonparties, and help to avoid potential discovery disputes relating to information that is designated confidential. The parties agree and the Court hereby Orders as follows:

1. The provisions of this Protective Order may be applied to all documents, materials, evidence, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" shall be as defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who provides, serves, discloses or files any nonpublic documents or

information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, medical, financial, nonpublic law enforcement, or other information implicating privacy interests or proprietary interests of either the Plaintiff or the Defendants or any third parties may designate such documents or information in good faith as "Confidential." The parties agree that designation as "confidential" shall only occur after review by an attorney. The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and for no other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

c. the parties to this lawsuit, including representatives of the Department of Corrections and the Department of Personnel Administration, and Colorado Risk Management;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial,

or other proceedings in this case;

e. the Court and its employees, including persons who assist in settlement negotiations between the parties to this lawsuit ("Court Personnel");

f. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents in this lawsuit in connection with their testimony about such materials in this lawsuit; and

e. other persons by prior written agreement of the parties who execute the attached Exhibit A.

5. Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation

only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7.     No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8.     Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of

the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents already disclosed in initial disclosures, supplemental disclosures, or in responses to written discovery, may be stamped or designated in writing as CONFIDENTIAL by one party after full disclosure has been given to all non-designating counsel that such designation will take place. Records secured by any party pursuant to a release of information may be designated as confidential by indicating on the release that the materials are deemed Confidential.

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Those portions of the original transcripts and any deposition exhibits that contain Confidential Material shall bear the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," at the beginning

5

of the text which has been designated CONFIDENTIAL or shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall be bound separately from other deposition exhibits or marked as confidential as above.

11.   A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated. After the conclusion of the case, a party may elect to 1) return each document and all copies thereof designated as Confidential Material to the party that designated the material as Confidential, 2) to destroy Confidential documents, or 3) to retain the Confidential documents pursuant to the provisions of the Protective Order. Where a party agrees to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion other than a Rule 12 or 56 motion, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.Civ.R.7.2.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective

7

Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought.

16.     The provision of this Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by Court Order.

Dated this 23rd day of October, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge