IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00571–PAB–KMT

STEPHAN DARRIS,

    Plaintiff,

v.

PAROLE OFFICER JAMES BERTOLAS, and
PAROLE OFFICER ISMAEL SANDOVOL,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by United States District Judge Philip A. Brimmer on April 1, 2009. (Doc. No. 7.)

Plaintiff filed his Complaint in this action on March 17, 2009. (Doc. No. 3.) On August 20, 2009, this court held a preliminary scheduling conference at which pretrial deadlines were set. (Doc. No. 21.) On December 3, 2009, Defendants served written discovery requests on Plaintiff via U.S. Mail. (Doc. No. 30, ¶ 3.) On January 11, 2010, after Plaintiff failed to respond to the discovery requests, Defendants' counsel wrote to Plaintiff asking for his responses by January 25, 2010. (*Id.*, ¶ 5.) On January 15, 2010, Defendants' counsel received a letter from Lieutenant Knapic of the Buena Vista Security Complex, advising that Plaintiff twice refused to sign for his incoming letter when delivery was attempted; the letter to Plaintiff was returned to

Defendants' counsel unopened.[1]  (*Id.*, ¶ 6; Ex. D.)  On January 26, 2010, Defendants filed a Motion to Compel.  (*See* Doc. No. 30.)  This court filed a Minute Order setting Defendants' Motion to Compel for a hearing to be held on March 16, 2010.  (Doc. No. 32.)  This court ordered Plaintiff to file his response to the Motion to Compel no later than February 22, 2010.  (*Id.*)  Plaintiff did not file a response.

On March 16, 2010, this court held the hearing on the Motion to Compel.  (Doc. No. 34.)  Plaintiff appeared by telephone.  (*Id.*)  When the court questioned Plaintiff about his failure to respond to the discovery requests, Plaintiff stated he has been moved to a different facility and was not in touch with the inmate who previously prepared his legal work.  Plaintiff stated he is unable to understand the materials sent to him because he has issues reading and writing.  The court inquired about Plaintiff's refusal to accept mail from the defendants and the Court, and Plaintiff responded that he feels if he cannot understand the mail, he should not have to accept it and "clog up" his cell.

Plaintiff asserted to the court that he has made several motions to be placed on the list for *pro bono* counsel, and that this court has denied his requests, despite proof that he is unable to read.  The court notes that prior to the March 16, 2010, hearing in this matter, Plaintiff had made no request to be placed on the *pro bono* counsel list for this case.  However, the court does show that in Civil Action No. 08–cv–02624–PAB–KMT, Plaintiff twice moved for appointment of *pro*

---

[1] The court notes that in Civil Action No. 08–cv–02624–PAB–KMT, on January 13, 2010, the Court received a similar letter from Lieutenant Knapic, informing the Court that on January 7, 2010, Plaintiff twice refused delivery of his incoming mail from this Court. (08–cv–02624–PAB–KMT, Doc. No. 104.)

*bono* counsel, and this court denied Plaintiff's requests. (*See* Doc. Nos. 45, 47, 51, 53.) In its

Order denying Plaintiff's second request for appointment of counsel, this court stated:

> The court has reviewed Plaintiff's "Motion to be Reffered [sic] for Counsel" (#45, filed May 27, 2009) and the audio recording of the May 21, 2009 preliminary scheduling conference held in this matter. At that hearing, Plaintiff made an oral motion to be placed on a referral list for *pro bono* counsel, and as grounds therefore stated: 1) he cannot read or write due to his lack of education and prescriptions for "anti-psychotic" medication; and 2) that he has to barter with other inmates in order to have court documents read to him and prepared on his behalf. In response, the court stated, "If you really do not read or write, I will <u>consider</u> putting you on a list." Later in the same hearing, it came to the court's attention that the plaintiff had previously filed seven lawsuits in this District, six of which were prosecuted *pro se*, including this one. On that basis, the court denied Plaintiff's oral motion, stating "I'm not going to even put you on a list for a *pro bono* lawyer because you have got all these cases that have gone through the system. I just don't think you are entitled to a lawyer a this point." Furthermore, the court informed Plaintiff that it would reconsider its ruling if he submitted a written motion.
> On May 27, 2009, Plaintiff filed his "Motion to be Reffered [sic] for Counsel" ([#45] [hereinafter "Mot."]), to which Plaintiff attached two documents. The "Therapeutic Documentation Care Plan (Medications)" form lists numerous medications Plaintiff received during December 2008 but is otherwise silent on his ability to read or write. (Mot. at 2.) Plaintiff's "Mental Health Progress Note," dated March 29, 2009, notes that Plaintiff presented "complaining of 'forgetting to read and write' for days at a time." (*Id.* at 2–3.) This fails to prove Plaintiff's contention that he cannot read or write at all. Moreover, at the May 21, 2009 preliminary scheduling conference Plaintiff stated that "the medication that [he] take[s], this allows [him] to read and write <u>at times</u>."

(08–cv–02624–PAB–KMT, Doc. No. 53 at 2–3.) In its second Order, the court also noted that it

had reviewed Plaintiff's motion, which appeared to have been handwritten by Plaintiff, and

found that Plaintiff "clearly possesses the ability to write." (*Id.* at 3.) The court also informed

Plaintiff it would not refer Plaintiff for *pro bono* counsel merely to read court documents, and

that it is Plaintiff's responsibility to prosecute his lawsuit, even if it means asking others to read

3

court documents to him. (*Id.*)  In fact, the documentation provided by Plaintiff shows only that Plaintiff has complained of " 'forgetting to read and write' for days at a time" — not an <u>inability</u> to read and write.  (08–cv–02624–PAB–KMT, Doc. No. 45 at 3.)

From a review of the dockets in the eight cases Plaintiff has filed in this District, it is obvious that Plaintiff is able to read and write when it is convenient for him.  Plaintiff's refusal to accept his legal mail, to provide discovery responses, and to prosecute this action is unacceptable.

> Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>     (iii) striking pleadings in whole or in part;
>     (iv) staying further proceedings until the order is obeyed;
>     (v) **dismissing the action or proceeding in whole or in part**;
>     (vi) rendering a default judgment against the disobedient party; or
>     (vii) **treating as contempt of court the failure to obey any order**
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(emphasis added).  In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper

> venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions." *Id.* at 921. "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted). As the plaintiff is appearing *pro se*, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920, n.3. Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice.

Regarding the first factor, the degree of prejudice to the defendants, the court notes that Defendants' motion was filed just one month before the discovery deadline. It is now past that deadline. Plaintiff's failure to provide discovery responses has prevented Defendants from, among other things, obtaining material records and information necessary to prosecute this action or to file a timely dispositive motion. Additionally, Plaintiff has caused Defendants needless time and expense in preparing written discovery, attempting to obtain responses to the discovery, filing the Motion to Compel, and attending the hearing on the Motion to Compel.

With regard to the second *Ehrenhaus* factor, the court finds that the plaintiff has significantly interfered with the judicial process. Plaintiff was well aware of the discovery and disclosure deadlines set in this case, having participated in the Scheduling Conference and having received copies of this court's orders. Nevertheless, Plaintiff has interfered with the judicial process and shown contempt by willfully failing to comply with this court's orders, preventing defendants from conducting discovery, interfering with the discovery schedule, and wasting judicial resources. Moreover, in the hearing held on March 16, 2010, Plaintiff was belligerent and disrespectful to this court.

The court further finds plaintiff culpable for the delays and the violations of this court's orders. Though Plaintiff attempts to attribute responsibility to this court for his failure to comply with court orders, this court finds Plaintiff, who has litigated eight cases in the District of Colorado, is well aware of the requirement that he respond to discovery requests. Plaintiff instead has chosen to refuse his mail and disobey court orders. Plaintiff has not provided any good faith justification for his failure to participate fully in discovery or to obey court orders.

With regard to the fourth *Ehrenhaus* consideration, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, this court specifically advised Plaintiff in the March 16, 2010, hearing that it would issue a Recommendation that the case be dismissed for Plaintiff's failure to participate in discovery, failure to respond, and failure to accept and receive mail. Instead of providing a response to the discovery requests or seeking an extension of time to do so, Plaintiff apparently sought the help of another inmate to write a letter to District Judge Brimmer seeking this court's recusal from and/or dismissal without prejudice of his cases. (Doc. No. 37; 08–cv–02624–PAB–KMT, Doc. No. 108.) Plaintiff has made absolutely no attempt to comply with this court's orders or to provide responses to the discovery requests.

Finally, concerning the efficacy of lesser sanctions, this court finds Plaintiff's failures to obey the orders of this court, and his belligerence toward and disrespect of the court, are simply unacceptable and should not be tolerated. Plaintiff is making little effort to prosecute this action and now seeks dismissal without prejudice. Realizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (stating that a district court need not impose lesser sanctions before dismissal with prejudice). The plaintiff repeatedly ignored the court's orders. *See Jones v. Thompson*, 996 F.2d 261, 265-66 (10th Cir. 1993) (stating that lesser sanctions would not be effective where plaintiff repeatedly ignored court orders). Furthermore, dismissal with prejudice in this case serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing]

7

'those who might be tempted to such conduct in the absence of such a deterrent.' " *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate. While Plaintiff was not explicitly given actual notice prior to the hearing that failure to comply with discovery could result in dismissal of his case, Plaintiff was given notice at the hearing that this court would recommend dismissal for his failure to comply with the court's orders, failure to participate in discovery, failure to respond, and failure to accept and receive mail. The other four factors weigh heavily in favor of dismissal.

WHEREFORE, for the foregoing reasons, this court

RECOMMENDS that the Complaint and this action be dismissed in its entirety, with prejudice, under Fed. R. Civ. P. 37(b) and 41(b).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge