IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00571–PAB–KMT

STEPHAN DARRIS,

      Plaintiff,

v.

PAROLE OFFICER JAMES BERTOLAS, and
PAROLE OFFICER ISMAEL SANDOVOL,

      Defendants.

---

## ORDER

---

      This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by United States District Judge Philip A. Brimmer on April 1, 2009.

(Doc. No. 7.)

      Plaintiff filed his Complaint in this action on March 17, 2009. (Doc. No. 3.) On August

20, 2009, this court held a preliminary scheduling conference at which pretrial deadlines were

set. (Doc. No. 21.) On December 3, 2009, Defendants served written discovery requests on

Plaintiff via U.S. Mail. (Doc. No. 30, ¶ 3.) On January 11, 2010, after Plaintiff failed to respond

to the discovery requests, Defendants' counsel wrote to Plaintiff asking for his responses by

January 25, 2010. (*Id.*, ¶ 5.) On January 15, 2010, Defendants' counsel received a letter from

Lieutenant Knapic of the Buena Vista Security Complex, advising that Plaintiff twice refused to

sign for his incoming letter when delivery was attempted; the letter to Plaintiff was returned to

Defendants' counsel unopened.[1]  (*Id.*, ¶ 6; Ex. D.)  On January 26, 2010, having still received no

discovery responses from the plaintiff, Defendants filed a Motion to Compel.  (*See* Doc. No. 30.)

This court filed a Minute Order setting Defendants' Motion to Compel for a hearing to be held

on March 16, 2010.  (Doc. No. 32.)  This court ordered Plaintiff to file his response to the

Motion to Compel no later than February 22, 2010.  (*Id.*)  Plaintiff did not file a response.

On March 16, 2010, this court held the hearing on the Motion to Compel.  (Doc. No. 34.)

Plaintiff appeared by telephone.  (*Id.*)  When the court questioned Plaintiff about his failure to

respond to the discovery requests, Plaintiff stated he has been moved to a different facility and

was not in touch with the inmate who previously prepared his legal work.  Plaintiff stated he is

unable to understand the materials sent to him because he has issues reading and writing.  The

court inquired about Plaintiff's refusal to accept mail from the defendants and the Court, and

Plaintiff responded that he feels if he cannot understand the mail, he should not have to accept it

and "clog up" his cell.

This court has addressed Plaintiff's claim that he has difficulty reading and writing in this

case and in Civil Action No. 08–cv–02624–PAB–KMT.  During one hearing where the plaintiff

requested to be placed on a list for *pro bono* counsel, this court noted that Plaintiff has

previously filed seven lawsuits in this District, six of which were prosecuted *pro se*, including

both this one and Civil Action No. 08–cv–02624–PAB–KMT.  The court denied Plaintiff's oral

---

[1]The court notes that in Civil Action No. 08–cv–02624–PAB–KMT, on January 13, 2010, the Court received a similar letter from Lieutenant Knapic, informing the Court that on January 7, 2010, Plaintiff twice refused delivery of his incoming mail from this Court. (08–cv–02624–PAB–KMT, Doc. No. 104.)

motion, stating "I'm not going to even put you on a list for a *pro bono* lawyer because you have

got all these cases that have gone through the system. I just don't think you are entitled to a

lawyer a this point." In another order, this court noted that it had reviewed Plaintiff's motion,

which appeared to have been handwritten by Plaintiff, and found that Plaintiff "clearly possesses

the ability to write." (*Id.* at 3.) The documentation provided by Plaintiff to support his claim

that he has difficulty reading and writing shows only that Plaintiff has complained of "

'forgetting to read and write' for days at a time" — not an <u>inability</u> to read and write.

(08–cv–02624–PAB–KMT, Doc. No. 45 at 3.) As a result of Plaintiff's willful refusal to accept

his mail and complete lack of cooperation and participation in the discovery process for his own

case, this court granted Defendants' Motion to Compel and advised the parties it would award

costs and fees incurred pursuant to Fed. R. Civ. P. 37(a)(5). (*See* Doc. No. 34.)

Rule 37(a)(5)(A) provides that the court must, after giving an opportunity to be heard,

require the party whose conduct necessitated the motion to compel to pay the movant's

reasonable fees and expenses incurred in making the motion, including attorney's fees, if the

motion to compel is granted, unless (I) the movant filed the motion before attempting in good

faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was

substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed.

R. Civ. P. 37(a)(5)(A). None of the exceptions applies in this case. Defendants' counsel

satisfied her obligations under Rule 37. *See* Fed. R. Civ. P. 37(a)(1), 37(a)(5)(A)(I); Doc. No. 30

at 1, ¶ 1. In addition, based on the court's analysis of Plaintiff's position, the court has

determined that Plaintiff's position was not and is not "substantially justified." Fed. R. Civ. P.

37(a)(5)(A)(ii), (a)(5)(B). Finally, there are not any circumstances in this case that would make an award of attorney fees and expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (a)(5)(B).

Pursuant to this court's Order (Doc. No. 34), Defendants have submitted an Affidavit of the fees and costs incurred for the Motion to Compel. (Doc. No. 35.) Plaintiff was ordered to file objections to the submission no later than April 2, 2010. (Doc. No. 34.) Plaintiff did not file any objections. Defendants request fees and costs in the amount of $1,451.26. (*Id.*, ¶ 8; Ex. A.) The court now consider the Affidavit of Alison Faryl Kyles in support of their request for fees and costs.

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir.1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating:

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances", *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

In this case, the plaintiff makes no objection to the hourly rates of the defendants' counsel. This court has reviewed those rates and finds them to be below the prevailing market rate charged by lawyers of equivalent experience in the metropolitan Denver market.

The court declines to award fees sought for all of the time sought by Defendants' counsel for the March 16, 2010 hearing. The court notes that the hearing was scheduled to begin at 10:30 a.m. but actually began at 10:27 a.m. and lasted only fourteen minutes. The court also notes that Defendants' counsel's office is less than one mile from the Court. Accordingly, the court will award a total of forty-five minutes for Defendants' counsel's travel to and from the Court and to attend the hearing.

The court also declines to award fees sought for the entire amount of time Defendants' counsel spent on the Reply in support of the Motion to Compel. Plaintiff did not file a response to the Motion to Compel. Moreover, the body of Defendants' Reply is less than four pages long and, except for a request to dismiss the case with prejudice as a sanction, contains no new information to assist this court in determining the Motion to Compel. As such, this court will award only thirty minutes of the time requested by Defendants' counsel on March 9, 2010. Likewise, the court will award only .3 hours for Ms. Ott's time on March 10, 2010, for reviewing, e-filing, and mailing the Reply to Plaintiff.

Finally, the court declines to award the time spent by Ms. Ott on March 15, 2010 for "Multiple telephone conference with and e-mail exchange with re [sic] plaintiff's participation by telephone for hearing." (*See* Doc. No. 35-3.) The court notes the Minute Order setting the hearing on the motion to compel was mailed to Plaintiff and advised, "Plaintiff, or his case manager, shall arrange for his participation via telephone and shall call (303) 335-2780 at the scheduled time." (Doc. No. 32.) The court further notes that an email was sent to Colorado

Department of Corrections on March 26, 2010, to advise of the hearing. Ms. Ott's timekeeping record fails to identify to whom she spoke and the reason for any such conversations.

The court finds the remainder of the attorney fees and costs submitted in the Affidavit to be reasonable and awards same.

Therefore, it is

ORDERED that Defendants are awarded their reasonable attorney's fees and costs incurred in bringing the Motion to Compel in the amount of $885.01 ($731.25 for Ms. Kyles, $120.00 for Ms. Ott, and $33.76 in costs).

Dated this 9th day of April, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge